

Kaufman Dolowich LLP
245 Main Street, Suite 330
White Plains, NY 10601

Telephone: 914.470.0001
Facsimile: 914.470.0009

**Alexandra L. Robins**
srobins@kaufmandolowich.com

www.kaufmandolowich.com

December 10, 2024



*Via ECF*
Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York

      Re:     24-CV-8230, *Thomas Jennings v. Westhab, Inc.*

Dear Judge Clarke:

      We represent Westhab, Inc., Defendant in the above-referenced action. In accordance with the Court's Order of November 12, 2024, we write jointly with counsel for Plaintiff to set forth the following. The Parties respectfully request an adjournment of the upcoming Initial Conference, currently scheduled for December 17, 2024, as the case presents some complex and non-routine legal, procedural and evidentiary issues that the Parties are actively discussing.

      Briefly, by way of background, Defendant, a not-for-profit human services agency, employed Plaintiff as a security officer for approximately one year. Plaintiff was a member of the United Federation of Special Police and Security Officers ("Union") pursuant to an operative Collective Bargaining Agreement ("CBA") between Westhab the Union. Plaintiff worked at Bob's Blace, a facility in Jamaica, New York that offers temporary shelter and supportive services to individuals suffering with substance abuse, mental health disorders, and other issues that place them at high risk for homelessness and incarceration. After a suspension pending investigation of a June 6, 2024 incident, Plaintiff was terminated on July 2, 2024. The Union grieved the termination, and the Parties have different understandings about why the Union eventually declined to proceed with arbitration.

      The Complaint alleges violations of: (i) Section 301 of the Labor Management Relations Act ("§301")(breach of collective bargaining agreement and, as against the non-party Union, breach of duty of fair representation); and state and city law claims for retaliation under Sections 740 and 215 of the New York Labor Law, the New York City and State Human Rights Law ("HRLs"), as well as for disability discrimination based on failure to accommodate under HRLs.

      Defendant has several legal and factual defenses to these allegations. Legally speaking, the sole federal claim, §301, usually provides that the express terms of the CBA control, and Plaintiff would ordinarily be required to exhaust the grievance and arbitration procedures set forth therein before bringing a federal action. However, in a so-called hybrid claim such as this one, where Plaintiff is also claiming that the Union improperly failed to pursue the CBA's grievance and arbitration procedures, Plaintiff's failure to exhaust the procedures set forth in the CBA are excused if, as relevant here, Plaintiff demonstrates both that the employer breached the CBA and also that the Union breached its duty of fair representation to him in failing to pursue his rights under the CBA.

Defendant's position is that the Complaint does not state a claim for the threshold issue of the Union's breach of the duty of fair representation, which requires some well-pled factual allegations in support of the notion that the Union's decision not to further pursue Plaintiff's grievance may be "fairly characterized as so far outside of a wide range of reasonableness that it is wholly irrational or arbitrary." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991); see also *Ryan v. N.Y. Newspaper Printing*, 590 F.2d 451, 455 (2d Cir. 1979)("The duty of fair representation is not breached where the Union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance."). While Plaintiff has attached 17 exhibits to the Complaint, Defendants would argue that they fail to demonstrate irrationality or arbitrariness, and anyway, some should not be considered in assessing the sufficiency of the pleadings because they are incomplete and taken out of context. However, other exhibits, such as the CBA, grievances, and termination notice, are helpful to a preliminary understanding of the case.

Jurisdiction of this Court is based on the sole federal claim, §301, regarding which there is no dispute. Defendants do dispute that the Court has jurisdiction over the remaining state and city law claims on the basis that they do not form a part of the same case or controversy as the §301 claim (and if they do, are subject to federal preemption and must be dismissed or proceed as §301 claims themselves). However, neither the jurisdictional or preemption arguments are straightforward under the facts of this case and the language of the CBA.

Both Parties are mindful of litigation costs and of making the most efficient use of the procedural mechanisms available as well as the Court's time. In light of the fact that the Complaint does contain seventeen exhibits, some of which are both useful and relevant, or will be as soon as they are placed in context, the Parties are actively discussing if a motion to dismiss would be appropriate, or it might be better to ask the Court to permit early, targeted discovery on the threshold issue of the Union's breach of the duty of fair representation with an eye to moving for early summary judgment on that issue. Alternatively, the Parties are discussing whether they might be able to agree to share some relevant documents and information to allow them to have a meaningful conversation about their respective risks in moving forward and their effect on the value of the case.

In order to discuss the various complex legal, procedural and evidentiary issues involved, and in the hopes of arriving at a consensus about the best path forward, if possible, the Parties jointly request as follows: (1) that Defendant's time to answer, move, or otherwise respond to the Complaint, which is currently December 16, 2024, be extended to January 13, 2025; and (2) that the Parties submit an updated joint report to the Court by January 7, 2025, regarding their progress and whether an Initial Conference with the Court would be helpful. This is the first request for both an extension and adjournment.

The Parties thank the Court for its attention to this matter.

Sincerely,
Alexandra L. Robins

Application GRANTED. The deadline to respond to the Complaint is HEREBY EXTENED to January 13, 2025. The parties are ORDERED to submit an updated joint report to the Court regarding their progress and whether an initial conference with the Court would be helpful by no later than January 7, 2025. IT IS HEREBY ORDERED that the conference in this matter, previously scheduled for December 17, 2024 at 3:00 pm is ADJOURNED *sine die*.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge
Dated: December 11, 2024
New York, New York